UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>INIPI HOKSHILA LITTLE BRAVE,<br><br>                    Defendant. | CASE NO. 3:23-cr-05170-DGE<br><br>ORDER GRANTING MOTION FOR SPECIFIC PERFORMANCE AND SENTENCING BEFORE A DIFFERENT JUDGE |

**I     INTRODUCTION**

This case comes before the Court on Defendant's motion for specific performance of the plea agreement and sentencing before a different district court judge. (Dkt. No. 85.) For the foregoing reasons, the motion is GRANTED.

**II     BACKGROUND**

On May 24, 2023, a federal grand jury returned an indictment charging Defendant Inipi Little Brave with Sexual Abuse of a Minor, 18 U.S.C. § 2243(a). (Dkt. No. 1.) After the Parties reached a resolution, the government filed a Superseding Information charging him with Assault

1    with Intent to Commit a Felony, 18 U.S.C. § 113(a)(2).  (Dkt. No. 60.)  On November 25, 2024,

2    Little Brave pled guilty to Assault with Intent to Commit a Felony pursuant to a plea agreement.

3    (*See* Dkt. Nos. 66, 67.)  In the plea agreement, the Parties agreed to a Guidelines base offense

4    level of 14 under U.S.S.G. § 2A2.2(a) and a conditional acceptance of responsibility reduction,

5    with the understanding that both parties were free to argue the applicability of all other

6    provisions .  (Dkt. No. 67 at 6–7.)  In its sentencing memoranda, the government affirmed that

7    "[i]n the plea agreement, the parties agreed that the guideline calculation in this case would

8    include a base offense level of 14 under § 2A2.2(a)."  (Dkt. No. 78 at 2.)

9          Contrastingly, the U.S. Probation Office concluded that the base offense level was 18

10   under U.S.S.G. § 2A3.2, and not 14, as stipulated by the Parties in the plea agreement.  (Dkt. No.

11   86 at 7.)  The Parties appeared for sentencing on May 1, 2025.  The Court asked Probation to

12   explain the calculated base offense level of 18, which it did.  (Dkt. No. 86 at 7.)  Without any

13   inquiry from the Court, the government gratuitously offered that while it had "stipulated to the

14   base offense level of 14" in the plea agreement, it now held the position that Probation's

15   calculation was correct.  (*Id*. at 11–12.)  Defense counsel then objected and requested the Court

16   find that the government breached the plea agreement.  (*Id*. at 12.)  The Court recessed the

17   hearing and requested briefing on whether a breach of the plea agreement occurred and what

18   remedy would be proper if a breach did occur.  (*Id*. at 17.)

19         The Court construes Defendant's briefing, which asks that the Court enforce the plea

20   agreement through specific performance and reassign the case to another district judge for

21   sentencing, as a motion for the requested relief. (Dkt. No. 85 at 11–12.)  The government agrees

22   that it breached the plea agreement. (*See* Dkt. No. 87 at 2.)  The government further agrees that

23

24

"specific performance is an appropriate remedy" but does not believe the Court should reassign the case to a different judge for sentencing. (Dkt. No. 87 at 2.)

### III    DISCUSSION

*In United States v. Alcala–Sanchez*, the Court of Appeals for the Ninth Circuit explained:

> [W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262 (1971). A plea agreement is a contract, and the government is held to its literal terms. [*United States v.*] *Mondragon*, 229–F.3d [978, 980 (9th Cir.2000)]. Requiring the government to strictly comply with the terms of a plea agreement encourages plea bargaining, "an essential component of the administration of justice," *Santobello*, 404 U.S. at 260, because it ensures that a defendant gets the benefit of his or her bargain—the presentation of a "united front" to the court. *See United States v. Camarillo—Tello*, 236 F.3d 1024, 1028 (9th Cir. 2001).
>
> It does not matter that a breach is inadvertent, *see Santobello*, 404 U.S. at 262, or "that the statements or arguments the prosecutor makes in breach of the agreement do not influence the sentencing judge." *Gunn v. Ignacio*, 263 F.3d 965, 969–70 (9th Cir. 2001).

666 F.3d 571, 575 (9th Cir. 2012). *Alcala–Sanchez* involved a plea agreement in which the government had stipulated to a recommended total offense level of 12. The government then filed a sentencing summary chart that instead repeated the PSR's calculations of an offense level of 20 and a Guideline range of 63 to 78 months, and recommending a sentence of 78 months, at the high end of the Guideline range." *Id*. at 573. The prosecutor then filed a corrected summary chart recommending an offense level of 12. *Id*. She "admitted her mistake and eventually urged the district court to adopt a 33–month sentence based on a plus–8 enhancement as promised." *Id*. at 576.

The Ninth Circuit found that "the breach, however inadvertent, could not be undone." *Id*. The court concluded that the government had breached the "literal terms of the plea agreement" when it submitted the first sentencing chart. *Id*. at 575–756. "The integrity of our judicial system requires that the government strictly comply with its obligations under a plea agreement,"

the court emphasized. *Id*. at 577 (citing *United States v. Mondragon*, 228 F.3d 978, 981 (9th Cir. 2000).

Accordingly, the Court concludes the government breached the plea agreement. It further finds that specific performance and reassignment for sentencing to a different district court judge is the proper remedy. *See Alcala-Sanchez*, 666 F.3d at 577 (Because of the breach, further proceedings must occur before a "different district judge to eliminate [the] impact of the government's … breach.") (citation omitted); *Mondragon* 228 F.3d at 981 ("We remand to a different judge for resentencing because the case law requires us to do so") (citation omitted); *United States v. Manzo*, 675 F.3d 1204, 1213 (9th Cir. 2012) (same); *United States v. Camper*, 66 F.3d 229, 233 (9th Cir. 1995) (same).

## IV   CONCLUSION

IT IS HEREBY ORDERED that the motion for specific performance of the plea agreement and sentencing before a different district court judge is GRANTED. The Clerk of Court shall reassign this case to another district judge for sentencing.

Dated this 9th day of May, 2025.

David G. Estudillo
United States District Judge